UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DWAYNE WRIGHT,                                                     *COMPLAINT AND*
                                                                                                                         *JURY DEMAND*
                                 Plaintiff,

  -against-
                                                                                                    Docket No.
                                                                                                    1:14-cv-6511

POLICE OFFICER JAMES GIAMBOI,
SHIELD NO. 5153, POLICE OFFICER                                 ECF CASE
MATT HAUSWIRTH, SHIELD NO. 2912,
POLICE OFFICER "JOHN DOE 1-3"
FROM THE 67TH PRECINCT,
                                                      Defendants.
----------------------------------------------------------------------X

        Plaintiff Dwayne Wright, by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

        1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

        2. The claim arises from a February 8, 2013 incident in which defendants, acting under color of state law, threw Mr. Wright to the ground in an alley, put Mr. Wright in handcuffs, then punched him in the face, and kicked him in the head. The Defendants then pushed Mr. Wright's face into a concrete floor causing bleeding from his face. The defendants then placed Mr. Wright under arrest even though he did nothing wrong. Mr. Wright spent approximately 26 hours unlawfully in police custody. At arraignment, bail was set, and Mr. Wright spent approximately another 24 hours in jail at Rikers Island before posting bail and being released. Mr. Wright sought medical treatment for his injuries but such treatment was denied. Mr. Wright was found not guilty of all charges by a jury in front of the Honorable Judge Jeong on June 16, 2014 in

Brooklyn, New York.

3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York. Plaintiff is employed as an auto body mechanic.

8. Defendant Giamboi, Defendant Hauswirth, and Defendant John Doe 1-3 were, at all times here relevant, a police officer of the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Giamboi, Defendant Hauswirth, and Defendant John Doe 1-3 were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Giamboi, Defendant Hauswirth, and

Defendant John Doe 1-3 were under the command of the 67th precinct on the date of the incident.

11. While an officer at the 67th precinct, Defendant Giamboi, Defendant Hauswirth, and Defendant John Doe 1-3's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Giamboi, Defendant Hauswirth, and Defendant John Doe 1-3 were under the command of the 67th precinct and are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On February 8, 2014, at approximately 1:20 a.m., Mr. Wright was walking home from a baby shower on East Clarkson Street between 92nd and 93rd street in Brooklyn, New York.

15. Defendant James Giamboi and Defendant Matt Hauswirth exited an unmarked NYPD vehicle and began to approach Mr. Wright, guns drawn, screaming at him to get on the ground, from about 30 feet away.

16. Defendant John Doe 1-3 then exited a marked NYPD vehicle and approached Mr. Wright, arriving at him first.

17. Mr. Wright said, "Officer what seems to be the problem?"

18. Defendant Giamboi and Defendant Hauswirth had then caught up to Plaintiff Wright and Defendant John Doe 1-3.

19. Defendant John Doe 1 and Defendant John Doe 2 then, acting in concert, unlawfully threw Plaintiff Wright to the ground, causing injury to his torso and face.

20. Defendant John Doe 3 put Mr. Wright in handcuffs, then punched him in the face,

and kicked him in the head.

21. Defendant John Doe 3 unlawfully handcuffed Mr. Wright in an excessively tight manner causing marks on plaintiff's wrists.

22. Defendants John Doe 1-3 then pushed Mr. Wright's face into the concrete ground, causing his face and cheek to bleed.

23. During this interaction between Defendant John Doe 1-3 and Plaintiff Wright, Defendant Hauswirth and Defendant Giamboi failed to intervene while John Doe 1-3 violated Mr. Wright's constitutional rights.

24. Defendant Giamboi, Defendant Hauswirth, and Defendant John Doe 1-3, then, acting in concert, unlawfully arrested Mr. Wright.

25. Defendant Giamboi then refused to tell Mr. Wright why they were arresting him, and searched his person, finding nothing of contraband on him.

26. Plaintiff objected to the unwarranted intrusion.

27. No weapons or ammunition were found on Mr. Wright.

28. Defendant Giamboi and Defendant Hauswirth then threw Mr. Wright into the unmarked vehicle and drove him to the 67th Precinct, ignoring his requests to loosen the cuffs.

29. There was no probable cause to arrest Mr. Wright.

30. At the precinct, Mr. Wright requested Defendant Giamboi provide medical treatment for his bruising to the cheek.

31. Despite repeated requests to have his open and obvious medical condition addressed by Defendant Giamboi, he was denied treatment for his injuries.

32. Defendant Giamboi showed a deliberate indifference to Mr. Wright's medical condition.

33. Plaintiff was then taken to central booking to await arraignment.

34. While Plaintiff was in central booking, Officer Giamboi and Officer Hauswirth, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Possession of a Weapon in the Second Degree, Resisting Arrest, and other related charges.

35. Mr. Wright was unlawfully held in police custody and arraigned on those charges.

36. At arraignments, the Judge set bail at $2500 cash over $2500 bond based on the Defendants false allegations, and the matter was adjourned for grand jury action.

37. Plaintiff Wright spent 26 hours at Central Booking, and approximately another 25 hours at Riker's Island before he made bail and was released.

38. For several weeks following the incident Mr. Wright was afraid of walking down the street.

39. As the arresting officer, Police Officer Giamboi prepared the police reports relating to Mr. Wright's arrest.

40. In preparing those reports, Police Officer Giamboi repeatedly falsified information relating to the facts and circumstances surrounding Mr. Wright's arrest, including a false claim that he had observed Mr. Wright throw a firearm.

41. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

42. On information and belief, Defendant Giamboi, Defendant Hauswirth, and Defendant John Doe 1-3, spoke to one or more prosecutors at the Kings County District Attorney's office and falsely informed them that Mr. Wright was in possession of a firearm on February 8, 2013.

43. After making over a dozen court appearances, and coming to court for over 16

months, on June 16, 2014, a jury found Plaintiff Wright Not Guilty of all Charges.

44. The Jury's deliberations lasted less than one full day.

45. Notwithstanding the fact that Mr. Wright was acquitted of the charges against him, the identification of Mr. Wright as a person involved in the possession of a firearm by Defendant Giamboi would be likely to influence a trial jury's decision to convict him.

46. Police Officer Giamboi and Police Officer Hauswirth repeatedly gave perjurious and misleading testimony before the grand jury that indicted Mr. Wright, the pre-trial hearing and the trial that ultimately acquitted him.

47. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

48. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

49. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b) Violation of his rights pursuant to the Fifth Amendment of the United States Constitution to a fair trial;

c) Violation of his rights pursuant to the Sixth Amendment of the United States Constitution to a fair trial;

d) Violation of his rights pursuant to the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment;

e) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

f) Physical pain and suffering;

g) Denial of medical treatment;

h) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

i) Loss of liberty;

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

50. The above paragraphs are here incorporated by reference.

51. The Officer Defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

52. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

53. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

54. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held

under arrest, deprived of his liberty, imprisoned and falsely charged.

55. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

56. All of this occurred without any illegal conduct by plaintiff.

57. Plaintiff was found Not Guilty of all charges by a jury on June 16, 2014.

58. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

59. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Malicious Prosecution
42 U.S.C. § 1983 Against Individual Defendants

60. The preceding paragraphs are here incorporated by reference.

61. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

62. Defendants did not have probable cause to initiate proceeding.

63. The criminal proceedings were terminate in plaintiff's favor.

64. Plaintiff was found Not Guilty of all charges by a jury on June 16, 2014, after coming to Court for over 16 months.

65. As a result of the malicious prosecution implemented by defendants, plaintiff was

8

damaged.

### THIRD CAUSE OF ACTION
### Denial of Right to a Fair Trial Under
### 42 U.S.C. § 1983 Against Individual Defendants

66. The above paragraphs are here incorporated by reference.

67. By providing false information and/or evidence to the King's County District Attorney's office that was likely to influence a jury's decision, the Defendants engaged under color of law in the violation of Plaintiff's right to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION
### Excessive Force Under
### 42 U.S.C. § 1983 Against Individual Defendants

68. The above paragraphs are here incorporated by reference.

69. By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to ever citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

70. In addition, the Officer Defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

71. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and

with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

72. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## FOURTH CAUSE OF ACTION
### Failure to Intervene Under
### 42 U.S.C. § 1983 Against Individual Defendants

73. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

74. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

75. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## FIFTH CAUSE OF ACTION
### Denial of Medical Attention Under
### 42 U.S.C. § 1983 Against Individual Defendants

76. All other paragraphs herein are incorporated by reference as though fully set forth.

77. By their herein-described actions toward Plaintiff, including their deliberate indifference to Plaintiff's medical needs, of which they were aware, the defendants engaged under color of law in the violation of Plaintiff's right under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be provided with necessary medical attention and treatment.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.     Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D.     Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

E.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 4, 2014
       Brooklyn, New York

>Respectfully submitted,
>/s/ Joseph Indusi
>*Joseph Indusi, Esq.*
>Bar Number: JI6499
>Attorney for Mr. Wright
>London Indusi LLP
>186 Joralemon Street, Suite 1202
>Brooklyn, NY 11201
>(718) 301-4593 – Phone
>(718) 249-9391 – Fax
>Joe@LondonIndusi.com