UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DWAYNE WRIGHT,

                                      Plaintiff,

   -against-

POLICE OFFICER JAMES GIAMBOI, SHIELD NO. 5153; POLICE OFFICER MATTHEW HAUSWIRTH, SHIELD NO. 2912; and POLICE OFFICER "JOHN DOE 1-3" FROM THE 67TH PRECINCT, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                      Defendants.
------------------------------------------------------------------------X

*FIRST AMENDED COMPLAINT AND JURY DEMAND*

Docket No.

1:14-cv-6511

ECF CASE

Plaintiff Dwayne Wright, by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a February 8, 2013 incident in which Defendants, acting under color of state law, unlawfully stopped Mr. Wright, threw him to the ground, and kicked him in the head and back. During his unlawful arrest, Defendants pushed Mr. Wright's face into the ground causing bleeding from his face. The Defendants then forwarded false information and gave false testimony to have Mr. Wright prosecuted for a crime even though he did nothing wrong. Mr. Wright initially spent approximately 26 hours unlawfully in police custody. At arraignment, bail was set based on the false information provided by the Defendants and Mr.

1

Wright spent additional time in jail before being released. After multiple court appearances, Mr. Wright was found not guilty of all charges by a jury on June 16, 2014 in Brooklyn, New York.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Dwayne Wright ("Mr. Wright") resided at all times here relevant in Kings County, City and State of New York.

8. Police Officer James Giamboi, Shield No. 5153 ("Giamboi") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Giamboi was, at the time relevant herein, a Police Officer under Shield # 5153 of the 67th Precinct. Defendant Giamboi is sued in his individual capacity.

9. Police Officer Matthew Hauswirth, Shield No. 2912 ("Hauswirth") was, at all times

here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Hauswirth was, at the time relevant herein, a Police Officer under Shield # 2912 of the 67th Precinct. Defendant Hauswirth is sued in his individual capacity.

10. At all times relevant Defendants John Doe 1 through 3 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John Doe 1 through 3.

11. At all times relevant herein, Defendants John Doe 1 through 3 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 3 are sued in their individual and official capacities.

12. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

13. On February 8, 2013, at approximately 1:30 a.m., Mr. Wright was walking home in Brooklyn, New York.

14. While on East 92nd Street, Mr. Wright was approached by Defendants.

15. The Defendants unlawfully stopped and roughly threw Mr. Wright to the ground.

16. After being thrown on the ground, Defendants shoved their shoes into Mr. Wright's back and head, causing his face to hit the ground.

17. As a result of Mr. Wright's face hitting the ground, Mr. Wright sustained physical injury to his face and cheek.

3

18. Upon information and belief, Defendant Giamboi and Defendant Hauswirth falsely identified Mr. Wright as the person who allegedly threw a weapon to the ground.

19. Defendants unlawfully arrested Mr. Wright based on Defendant's false claim that Mr. Wright threw a weapon to the ground.

20. At no point did Mr. Wright ever possess, throw or come into contact with a firearm.

21. At no point did the Defendants, including Defendant Giamboi or Defendant Hauswirth, observe Mr. Wright throw or possess a weapon.

22. Defendants did not have probable cause or reasonable suspicion to arrest Mr. Wright for possession of a weapon.

23. Defendants unlawfully handcuffed Mr. Wright in an excessively tight manner causing marks on Mr. Wright's wrists.

24. Defendants threw Mr. Wright into a police vehicle and drove him to the 67th Precinct, ignoring his requests to loosen the cuffs.

25. Mr. Wright requested that Defendants provide medical aid for bruising to his cheek.

26. Mr. Wright was denied the medical aid he requested for his injuries.

27. Defendants, including Defendant Giamboi and Defendant Hauswirth, conveyed false information to prosecutors in order to have Mr. Wright prosecuted for Criminal Possession of a Weapon in the Second Degree and other related charges.

28. Defendants, including Defendant Giamboi and Defendant Hauswirth, prepared false sworn affidavits and false police reports relating to Mr. Wright's arrest.

29. Mr. Wright was unlawfully held in police custody for approximately 26 hours and arraigned on those charges.

30. At arraignments, bail was set on Mr. Wright based on the Defendant's false

allegations, and the matter was adjourned.

31. As a result of the Defendant's false allegations, Mr. Wright spent additional time unlawfully imprisoned before being released.

32. Defendants, including Defendant Giamboi and Defendant Hauswirth, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Wright's arrest, including a false claim they had observed Mr. Wright throw a firearm.

33. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

34. Defendants spoke to one or more prosecutors at the Kings County District Attorney's office and falsely informed them that Mr. Wright was in possession of a firearm on February 8, 2013.

35. Defendant Giamboi and Defendant Hauswirth repeatedly gave untruthful and false testimony at the grand jury, the pre-trial hearing and the trial in connection with the unlawful prosecution of Mr. Wright.

36. After coming to court for over 16 months, and going through a trial, a jury found Plaintiff Not Guilty of all Charges on June 16, 2014.

37. Notwithstanding the fact that Mr. Wright was acquitted of the charges against him, the identification of Mr. Wright as a person involved in the possession of a firearm by Defendants would be likely to influence a trial jury's decision to convict him.

38. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Wright without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Wright without probable cause.

39. During all of the events described, Defendants acted maliciously, willfully, knowingly

and with the specific intent to injure Mr. Wright and violate his civil rights.

40. As a direct and proximate result of the acts of Defendants, Mr. Wright suffered the following injuries and damages: violation of his rights pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

41. The above paragraphs are here incorporated by reference as though fully set forth.

42. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

43. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

44. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

47. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and

Fourteenth Amendments to the United States Constitution.

48. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

49. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Wright possessed a weapon.

53. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Deliberate Indifference to Medical Needs Under
42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. At the time of Plaintiff's arrest on February 8, 2013, the individual Defendants were aware of a risk to Plaintiff's safety and a need for medical care and failed to act in deliberate indifference to Plaintiff's needs.

58. Accordingly, Defendants violated the Fourteenth Amendment because they acted with deliberate indifference to Plaintiff's medical needs and safety.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. The individual Defendants used excessive, unreasonable and unnecessary force with Plaintiff.

62. The Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the Plaintiff without consent.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

66. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth

and Fourteenth Amendments.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 13, 2015
      Brooklyn New York                    Respectfully submitted,


      /s/ Joseph Indusi, Esq.
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Mr. Wright
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com